IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| ARGUSTUS CHARLES CHOYCE, | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 5:19-CV-00102-RWS |
| | § | |
| v. | § | |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Petitioner Argustus Charles Choyce, a prisoner confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court ordered that this matter be referred to the Honorable Caroline Craven, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this Court. The magistrate judge has submitted a Report and Recommendation recommending that the petition be denied. Docket No. 18.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings and all available evidence. The petitioner filed objections to the Report and Recommendation. Docket No. 21.

The Court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* Fed. R. Civ. P. 72(b). After careful consideration, the Court concludes the objections are without merit.

The petitioner contends that the magistrate judge should have considered the merits of his claim that he was arrested without probable cause, in violation of the Fourth Amendment. The

record reflects that the petitioner was arrested for public intoxication and creating a disturbance. While he was being held at the jail on those charges, the petitioner was served with a warrant for his arrest for the family violence assault at issue in this petition. The petitioner challenges the validity of the warrant because he claims that he has not seen an affidavit supporting the warrant and there was no forensic investigation. The magistrate judge correctly concluded that the petitioner cannot litigate this claim on federal habeas review because the State of Texas offers criminal defendants the opportunity to litigate Fourth Amendment claims in the trial court and on appeal. *Stone v. Powell*, 428 U.S. 465 (1976); *Register v. Thaler*, 681 F.3d 623, 628 (5th Cir. 2012). Federal habeas review of the Fourth Amendment claim is barred, even though the petitioner did not avail himself of those opportunities. *Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002).

The petitioner contends that his attorney provided ineffective assistance of counsel by failing to object to the jury charge. The petitioner also alleges that the trial court lacked subject matter jurisdiction because the indictment charged him with "assault family violence bodily injury impeding breath," but the trial judge told the jury that the petitioner was charged with "assault causes bodily injury impeding breath." The magistrate found that these claims were unexhausted because the petitioner failed to raise them in the state courts, and that the petitioner would be procedurally barred from raising them in a subsequent state habeas application. *Nelson v. Davis*, 952 F.3d 651, 662 (5th Cir. 2020); TEX. CODE CRIM. PROC. art. 11.07 § 4. Because the petitioner procedurally defaulted his federal claims by failing to present them in state court in a procedurally correct manner, the petitioner is barred from raising the claims in a federal habeas petitioner unless he shows cause for the default and actual prejudice, or that a miscarriage of justice will occur if the federal courts do not consider the claim. *Sawyer v. Whitley*, 505 U.S. 333, 338 (1992); *Nelson*,

952 F.3d at 662. The petitioner has not shown cause for the procedural default or prejudice. Nor has he shown that a miscarriage of justice will occur if the merits of the claims are not reviewed in federal court. In addition, the petitioner offers no legal support for his argument that a criminal defendant can challenge the state court's jurisdiction at any time. As a result, the claims of ineffective assistance and lack of subject matter jurisdiction are barred from federal review.

Additionally, in this case, the petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483–84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). If the petition was denied on procedural grounds, the petitioner must show that jurists of reason would find it debatable: (1) whether the petition raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484; *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280–81 (5th Cir. 2000).

The petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason or that a procedural ruling was incorrect. The factual and legal questions advanced by the petitioner are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. The petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability.

Accordingly, the petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. The petition for writ of habeas corpus in the above-captioned matter is thus **DENIED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation. A certificate of appealability will not be issued.

**SIGNED this 25th day of May, 2021.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE